St. Paul Fire & Marine Ins. Co. *v.* Staten.

(In Banc.   June 10, 1946.)

[26 So. (2d) 538.   No. 36142.]

**Brewer & Sisson**, of Clarksdale, for appellant.

Breland, Brocato & Lowrey, of Clarksdale, for appellee.

Argued orally by **Chas. A. Sisson,** for appellant, and by **Vincent J. Brocato,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This is a suit by the appellee, W. M. Staten, on a policy of insurance issued in his favor by the appellant, St.

Paul Fire & Marine Insurance Company, wherein he seeks to recover the value of an automobile which was lost by theft and fire on December 22, 1944. The policy recites that the actual cost, including equipment, of the automobile on November 1, 1941, was the sum of $1,300.30, and that the sole owner thereof at the time of the issuance of the insurance was the said W. M. Staten. He sued for the sum of $1,750 as the alleged actual value of the automobile at the time of loss, and for the sum of $150 as rentals for taxicabs as a substitute for the said automobile subsequent to its loss, and which maximum rental allowance is provided for under the terms of the policy, provided the insured has furnished the original receipts for such rentals within sixty days after the occurrence of the loss. These receipts were never furnished to the company, nor produced at the trial.

There was a judgment for the plaintiff, W. M. Staten, in the sum of $1,378, representing the OPA ceiling price allowed to a dealer or the replacement cost of the automobile at the time of such loss, the sum of $1,110 being the ceiling price allowed to an individual in making a sale of an automobile of such make and model. The insurance company has taken a direct appeal from the said judgment, and the insured has prosecuted a cross-appeal.

On the direct appeal, the appellant contends (1) that the insurance company was entitled to a directed verdict in its favor for the reason that the insured was not the sole and unconditional owner of the automobile as contemplated by the policy; and (2) that in any event the cause should be reversed because of the giving of certain instructions in favor of the insured.

It appears from the evidence that on November 1, 1941, when the insured purchased the automobile in question from the Friars Point Motor Company, at a time when his wife, Mrs. W. M. Staten, was present, he caused the memorandum of the sale, which is referred to in the record and briefs of counsel as a bill of sale, to be made out in the name of Mrs. W. M. Staten as purchaser. This

memorandum, however, was not then or thereafter delivered to her, but the same was retained in the possession of W. M. Staten. He thereupon took possession of the automobile, exercised full control over the same, and used it exclusively in looking after his farming interests and for other purposes until it was stolen on December 22, 1944, with the exception that on two occasions during the three year period of his possession thereof Mrs. W. M. Staten drove the automobile to a missionary society meeting at their local church.

The proof further discloses that when he purchased the automobile he gave in part payment of the purchase price a pickup truck owned by him and at an agreed value and credit of $475; that he paid the remainder of the purchase price by check on his individual bank account; that thereafter he purchased and had installed therein a radio, heater, seat covers and other additional equipment at his own expense; that he caused the automobile to be assessed to him for the purpose of ad valorem taxation throughout the period of his possession prior to the theft of the same; that he procured at his own expense the road and privilege tax license for the privilege of operating the same, the said Mrs. W. M. Staten not having obtained a driver's license for the use of an automobile at any time between the date of the purchase and the time of the theft of the said automobile; and that all annual insurance policies on the automobile were issued to, and paid for by, the insured, W. M. Staten.

To meet the foregoing proof as to the sole ownership of the insured, W. M. Staten, the following facts and circumstances are relied upon by the insurance company as proof that Mrs. W. M. Staten was the owner; (1) the memorandum of the sale hereinbefore mentioned; (2) the proof of loss showing that the automobile belonged to Mrs. W. M. Staten, and which proof of loss was executed and acknowledged by both Mr. and Mrs. W. M. State; (3) a verbal statement of Mrs. Staten to the notary public when the proof of loss was made, saying that it was

her automobile; and (4) their failure to reply to a letter written to them by the local attorneys of the insurance company on March 6, 1945, calling their attention to the fact that the proof of loss furnished on the day before disclosed that the automobile was the property of Mrs. Staten, and that liability for the payment of the insurance "may be denied" by the company.

In view of the undisputed testimony that the insured had the possession and use of the automobile for more than three years after the memorandum of the sale was made out in the name of Mrs. W. M. Staten as purchaser, and that the automobile itself was not then or thereafter delivered to or claimed by her as her individual property, so far as the record discloses, and in view of the further fact that the Statens denied that they had stated at the time of the execution of the proof of loss that the automobile belonged to her or that the proof disclosed such fact at the time it was signed by them, and further denied that their attention was called to the amendment in the proof showing ownership in her when they acknowledged before the notary public the fact that they had signed the proof, the Court is of the opinion that the issue as to whether or not the substantial and beneficial ownership of the automobile was vested solely in the insured was a question for the jury, even if the memorandum of the sale, which did not contain any granting or conveying clause, had the effect of vesting the naked legal title in the said Mrs. W. M. Staten.

Although the preponderance of the evidence may tend to establish the fact that the attention of the insured was called to the amendment to the proof of loss after he had signed and before he had acknowledged the same, the motion for a new trial does not allege that the verdict on the conflicting testimony in regard thereto was against the greater or overwhelming weight of the evidence.

The failure of the Statens to reply to the letter of March 6, 1945, which called their attention to what the proof of loss disclosed as finally executed, was a circumstance for

the consideration of the jury, but such fact in connection with the other evidence would not entitle the insurance company to a peremptory instruction, since the letter nevertheless left the matter in doubt as to whether liability would be denied, and when liability was in fact denied the suit of the insured to recover on the policy was thereafter instituted with reasonable promptness.

It was stipulated in the insurance contract that "by acceptance of this policy the insured agrees that the statements in the declarations are his agreements and representations, and that this policy is issued in reliance upon the truth of such representations," and the statement that W. M. Staten is the sole owner is found under the caption "Declarations" therein. The question for decision in the case, however, was who in fact was such owner under all of the facts and circumstances.

After a careful study and consideration of all the former decisions of this Court cited by counsel and the rules laid down by the text writers as to the conditions under which liability should be denied or upheld in a suit on a policy where the question of sole ownership of property is involved, the Court is of the opinion that the facts of this case presented an issue for the jury as to whether or not the insured was the substantial, beneficial and equitable owner of the automobile in question, on whom the loss would fall, and that the instructions fairly submitted that issue to the jury, although subject to some criticism as to form and substance.

At the conclusion of all the evidence the insured asked for a peremptory instruction on liability, but not for any specific sum of money. In overruling the motion the Court expressed the view that the maximum liability, if any, would be the replacement value of the automobile at a dealer's OPA ceiling price of $1,378. The plaintiff seems to have acceded to this limitation on a recovery when he asked for and obtained the following instruction: "The Court instructs the Jury for the plaintiff that if you find for the plaintiff, you shall assess the damages in an

amount of the fair cash market value of the car in question on the date that it was stolen, to-wit: December 22, 1944, but not in excess of the price fixed by the Office of Price Administration, to-wit: $1,378.00.'' That is to say, he did not ask for an instruction to be marked ''given'' or ''refused'' authorizing the jury to return a verdict for the actual or replacement value of the automobile under all of the evidence in regard thereto, without reference to OPA regulations. Therefore, he cannot complain on cross-appeal that the jury followed the only instruction requested by him as to the amount of the verdict.

Affirmed on both direct and cross-appeals.